UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
MAR 1 0 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

Rhonda Denise Taylor §
 Plaintiff/Pro se §
 §
vs. §
 §
Fred Baskett#335   CIVIL ACTION NO: 6:23cv179
Individual Capacity
Killeen Police Department
Traffic Peace Officer
 Defendant   JURY DEMAND TRIAL


ORIGINAL COMPLAINT
Statement of Facts

On October 2, 2022, Kevin Roderick Gordon II, a mentally challenge incapacitated person. Left his residence located at 1003 Circle M. Dr. Apt. A, Killeen, Texas 76549 about 8:30pm. He walked to the Mickey's convenient store across the street. According to the initial police report about 9:15pm. Officer Fred Baskett was called to the scene to investigate a pedestrian v. two motor vehicles fatal collision. The initial police information reported it was a hit and run and a second vehicle subsequently struck the pedestrian. However, resulted in the death of the decease victim. The surviving mother did not receive the identity of her son's death in a timely manner from the Killeen Police Department. Until after 5 days later receiving a telephone call from Honorable Judge Bill Cooke a Bell County Justice of the Peace. Informing her of the deceased results from his autopsy that she had no knowledge. However, the Killeen Police Department policies are not in the scope of the Judges duties. Therefore, Honorable Judge Cooke did not know no one from the Killeen Police Department had not provided the (Plaintiff) with the identity and death of her son. Honorable Judge Cooke immediately order Officer Baskett to come to the (Plaintiff's) home and give her the delayed death information. Officer Baskett

still failed to provide the surviving mother with any relevant information on all the circumstances relating to the identification and death of her son.

# Names of Federal Laws and Constitutional Rights Violated

The (Defendant) Officer Fred Baskett violated the name laws listed below:

1. CLAIM: Federal Law Under Section 1983: Deprivation of Rights "under color of law" Color Authority.

2. CLAIM: Constitutional Rights to Due Process 14th Amendment prohibits the state from depriving any person of life, liberty or property with due process of law.

## PARTIES

### I. PLAINTIFF

Plaintiff "pro/se" litigant Rhonda Taylor is an individual who resides in Bell County, Texas at 1003 Circle M. Dr. Apt. A, Killeen, Texas 76549, Contact cell# (254) 466-8106.

### II. DEFENDANT

Defendant is Fred Basket a Traffic Peace Officer Investigator Badge #335, an Official Peace Officer in his "Individual Capacity" employed by the Killeen, Texas Police Department, located at 3304 Community Blvd, Killeen, Texas 76542, Contact work Traffic Unit # (254) 200-7905 & Personal cell# (254) 226-0334.

### III. JURISDICTION PLEA

This civil action is authorized by 42 U. S. C. § 1983 a claim against an individual defendant and to redress the deprivation under color of law of rights guaranteed by the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U. S. C. § 1331 (federal question) and 28 U. S. C. § 1343 (Civil Rights). This court has personal jurisdiction over Bell County because it is a Texas county, the actions arose in Bell county, and the (Plaintiff) resides in Bell county.

Venue is proper in the Waco Division of the United States District Court for the Western District of Texas. Bell County which is in the Waco Division of the United States District Court for the Western District of Texas.

## IV.      (ALLEGATION 1)

After Officer Baskett confirmed and witness the true identity of the deceased at the accident scene supported by the chain of custody paperwork. He owed a duty of reasonable care to protect the surviving family members of a crime victim once the police opted to provide police protection. Unfortunately Officer Fred Baskett failed to perform a duty by taking responsibility to notify next of kin; as evidenced by the Next of Kin Death Notification.

## (ALLEGATION 2)

The Officer's acts of omission give rise to this lawsuit in the same way as a negligent or improper act. The act, decision, and/or omission resulted from bad faith and or malicious intent. A Temple Texas Mortuary employee name Selena Alvarado who was part of the removal team. Her and Officer Fred Baskett both signed, confirmed and witness by supportive chain of custody evidence the victims true identity. Selena Alvarado and Officer Fred Baskett placed the 1st identification band bearing the decease name to be Kevin Roderick Gordon II, including his correct date of birth July 23, 1984 on the same night he was killed October 2, 2022.

## VI.     (ALLEGATION 3)

Officer Fred Baskett actions occurred by willfully Deprivation of Rights "under color of state law" and the actions resulted in a constitutional rights violations. Officer Fred Baskett set in motion a series of acts with another. The defendant knowingly and willingly withheld the deceased identity from his surviving mother. Officer Baskett and Selena Alvarado broke the chain of custody by tampering with material documentations. However; in parts of the personal effects inventory had been altered to be able to misrepresent the true identity of the decease to be Kevin Roderick Gordon II.

Examples of Document Misrepresentations: The (Plaintiff) can support her findings by showing material evidence documentations to the courts. The Witness of Removal form was scanned on the back of the 1 out of 3 pages document titled "Personal Effects Inventory" paperwork. This created out of number sequence four pages instead of three. The "no identification" box's were checked. However, the (Plaintiff) can show the courts by material documentations the victims Texas identification card was listed in his personal property items records from Southwestern Institute of Forensic Science At Dallas Outbound Evidence Receipt.

Selena Alvarado signed and dated on October 2, 2022, confirming that an identification band bearing the name of the decease to be Kevin Roderick Gordon II. Officer Baskett also signed the Witness of Removal on October 2, 2022. The signings of the tampered form misrepresented the deceased victims identity which caused the identification of the deceased to be withheld from the (Plaintiff), the surviving mother for five days. The (Defendant) Officer Baskett failed to take responsibility to notify next of kin notifications, which was part of his duty to provide reasonable care, within the scope of his duties.

## (ALLEGATION 4)

Officer Baskett was in the scope of his employment duties he Knowingly and willingly deprived the (Plaintiff) under the state color of law as a mother and legal guardian. Causing a violation of her Constitutional Due Process Rights. In obtaining the possession right to her decease son's body, in a timely manner. Which was a deprivation right of her property as Next of Kin was under color of state law. His conduct violated the United States Constitution and/or Federal Laws. These actions imposed a duty towards the decedent's mother to be the obvious and primary beneficiary of the Killeen Police Department efforts to identify and by undertaking the task of the created special relationship that benefits a special, individual survivors, rather than the public at large. The Law Enforcement agency took an oath of duty to perform specific acts: to wit: identify the victims body and delivery of a Next of Kin Death Notification.

(ALLEGATION 5)

The identity of death was poorly delivered after five days, which created emotional stress to the (Plaintiff). By failure to disclose the identification of the decease in a timely manner created complications dealing with the unknown autopsy, grief and trauma relating to the killing death of (Plaintiff's) son. However, the identity of death was also unlawfully mishandled being given to the accuracy in parts of the chain of custody paperwork. The Officer's actions also give rise to a cause of action as to an unsolved killing investigation in Killeen Texas, which left no one liable or responsible for the death of Kevin Roderick Gordon II.

(ALLEGATION 6)

The Plaintiff is seeking Justice through punitive damages and injunction for the acts alleged. The defendant's actions were extreme and outrageous, intended to cause emotional distress and/or recklessly disregard and willingly knew for a certainty that such distress would result from his conduct. Severe emotional distress occurred as a result of Officer's unreasonable conduct. His character went beyond all possible bounds of decency when he abused his position of authority.

RELIEF/REMEDIES

Recover Punitive Damages, Compensation and Injunction Relief

"Liability under 42 U. S. C §1983 is entitled to recover compensatory damages for all injuries suffered as a consequence of deprivation. The awards may come out of Section 1983 claim against police officers. INJUNCTION: To stop improper conduct, and to prevent the violation from happening again. DAMAGES: Requesting $500.000 (Five Hundred Thousand Dollars) for the money damages to be able to compensate the Plaintiff from being victimized, emotional distress, trauma needed medical mental health treatment never received, and SEEKING JUSTICE to punish the wrongdoer.

## Prayer

Therefore, (Plaintiff) seeks compensation damages and injunction to make the defendant civil liability and re frame from making misleading and misrepresenting chain of custody documentations of facts relating to a decease person's identity. The (Plaintiff) is seeking to impose liability on the Killeen Police Department for it's employee actions taken under color of state law. Regarding any harm or injury inflicted for the purpose of justice. And requesting the Police Department to make every effort to coordinate a proper Next of Kin "Death Notification for the purpose of justice.

*Rhonda D. Taylor*   3-9-2023

Rhonda Denise Taylor/Pro/se
1003 Circle M. Dr. Apt. A
Killeen, Texas 76549
(254) 466-8106
texasadvocate254@gmail.com